IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK W. SPRINKLE,<br><br>    Petitioner,<br><br> vs.<br><br>R. J. SUBIA,<br><br>    Respondent. | No. C 07-5016 JSW (PR)<br><br>ORDER OF DISMISSAL AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docket Nos. 2, 4) |

Petitioner, a state prisoner currently incarcerated at Mule Creek State Prison in Ione, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 1996 criminal conviction, based on the United States Supreme Court decision in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007). The Court concludes that Petitioner's claim is subject to summary dismissal under § 2254 and will dismiss the petition. Petitioner's motions to proceed *in forma pauperis* are GRANTED (docket nos. 2, 4).

**DISCUSSION**

A.    <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

1

the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

B.   Petitioner's Claim

In this case, Petitioner's sole challenge in the petition is that *Cunningham* applies retroactively to his conviction and that the trial court's sentence of 15 years to life violates *Cunningham* because the "sentencing Judge in Petitioner's case imposed the upper-term sentence-elevated enhancement based upon factual findings which were neither admitted by Petitioner nor found by a jury." Petition at 5. Petitioner has also attached to the petition the sentencing transcript from his conviction, in which the trial court pronounces Petitioner's sentence of 15 years-to-life under California Penal Code Section 667.61 as to each of Petitioner's two convictions for violating Penal Code Section 288, subdivision A, Lewd or Lascivious Acts on a Child under 14 Years of Age. California Penal Code Section 667.61 provides in relevant part:

> (b) Except as provided in subdivision (a), any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life.
> (c) This section shall apply to any of the following offenses:. . .
> (8) Lewd or Lascivious act, in violation of subdivision (a) of Section 288. . . .
> (e) The following circumstances shall apply to the offenses in subdivision (c). . .  .
> (5) The defendant has been convicted in the present case or cases of

> committing an offense specified in subdivision (c) against more than one victim.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000). *Apprendi*'s "prior conviction" exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt. The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004); *accord Rita v. United States*, 127 S.Ct. 2456, 2466 (2007). *See, e.g., Cunningham v. California*, 127 S. Ct. 856, 871 (2007) (finding the Court's decisions from *Apprendi* to *Booker* point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum; therefore, California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence); *United States v. Booker*, 543 U.S. 220, 288-90 (2005) (holding that *Blakely* applies to the federal sentencing guidelines; finding sentences violated the 6th Amendment where they were based on facts determined by the judge and they exceeded the sentences which would have been imposed based solely on facts found by the jury or admitted by the defendant). *But see United States v. Mayfield*, 386 F.3d 1301, 1306 (9th Cir. 2004) (where enhanced sentence may violate *Blakely* but is still within the sentencing range which the judge could have imposed solely based on the facts reflected in the jury's verdict, there is no Sixth Amendment violation).

Although Petitioner alleges that his sentence violates *Cunningham* because the sentence he received is beyond the middle term for a single conviction under California Penal Code Section 288(a), Petitioner's claim fails here because Petitioner was sentenced

3

1  to 15 years-to-life under another sentencing enhancement, which requires the sentencing
2  judge to sentence someone convicted of more than one count of Penal Code Section
3  288(a) to a term of 15 years-to-life.  The Court finds that *Cunningham* is inapplicable
4  here because Petitioner's two counts of Lewd or Lascivious Acts in violation of
5  subdivision (a) of Section 288, were both tried to a jury in front of the sentencing judge
6  and did not require to Court to find any additional facts, since Petitioner was convicted of
7  each such count by the trial jury.  As a result, the trial court properly sentenced Petitioner
8  under Section 667.61, as required by that statute, to 15 years-to-life.  Therefore,
9  Petitioner's claim that *Cunningham* is applicable to his case fails to state a claim for
10 relief.  Accordingly, the instant petition is summarily dismissed.  *See* Rule 4, Rules
11 Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

## CONCLUSION

The instant petition is summarily DISMISSED.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: January 30, 2008

_____
JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

        Plaintiff,

  v.

R.J. SUBIA et al,

        Defendant.
                                     /

Case Number: CV07-05016 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark W. Sprinkle
K24619
P.O. Box 409040
Ione, CA 95640

Dated: January 30, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk