IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK W. SPRINKLE, | ) | No. C 07-5016 JSW (PR) |
| Petitioner, | ) | ORDER DENYING |
| | ) | CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| R. J. SUBIA, | ) | |
| Respondent. | ) | (Docket No. 8) |
| | ) | |

Petitioner, a state prisoner currently incarcerated at Mule Creek State Prison in Ione, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed because it failed to state a cognizable claim for relief. Petitioner has filed a notice of appeal and a request for a certificate of appealability ("COA").

Upon the filing of a notice of appeal and a request for a COA, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). (citing 28 U.S.C. § 2253(c)(3)). A request for a COA may be treated as a notice of appeal also. *See Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for a certificate of probable cause as a timely notice of appeal). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional

1

claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485.

With regard to the issues before the Court, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* at 484. Accordingly, the request for a certificate of appealability is DENIED (docket no. 8). The Clerk of Court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit. Petitioner may also seek a certificate of appealability from that court. *See Asrar,* 116 F.3d at 1270.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED:  May 28, 2008                          _____
                                              JEFFREY S. WHITE
                                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK WAYNE SPRINKLE,

        Plaintiff,

  v.

R.J. SUBIA et al,

        Defendant.

_____/

Case Number: CV07-05016 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark W. Sprinkle
K24619
P.O. Box 409040
Ione, CA 95640

Dated: May 28, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk